Jerry S. Busby
Nevada Bar No. 001107
Gregory A. Kraemer
Nevada Bar No. 010911
COOPER LEVENSON APRIL NEIDELMAN &
WAGENHEIM, P.A.
6060 Elton Avenue, Suite A
Las Vegas, NV 89107
Tel:   (702) 366-1125
Fax:   (702) 366-1857
jbusby@cooperlevenson.com
gkraemer@cooperlevenson.com

Attorneys for Defendant,
NEVADA CREDICO, INC. dba
QUANTUM COLLECTIONS

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Thomas Wolff, | CASE NO. 2:12-cv-01315-JCM-CWH |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| vs. | |
| Quantum Collections; and DOES 1 - 10, inclusive, | |
| Defendant. | |

COMES NOW Defendant NEVADA CREDICO, INC. dba QUANTUM COLLECTIONS (hereinafter "Defendant", by and through its counsel of record, and hereby answers the Complaint of Plaintiff THOMAS WOLFF ("Plaintiff") by admitting, denying and alleging as follows:

**JURISDICTION**

1. Defendant admits that this action arises out of alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), however; Defendant denies any wrongdoing whatsoever.

2. Defendant denies the allegation contained in Paragraph 2 of Plaintiff's Complaint as it constitutes a legal conclusion.

///

3. Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

**PARTIES**

4. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint, and on that basis, Defendant denies same at this time.

5. Defendant admits that NEVADA CREDICO, INC. dba QUANTUM COLLECTIONS is a Nevada business entity with an address as stated in Paragraph 5 of Plaintiff's Complaint. Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint on the grounds that they constitute a legal conclusion.

6. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint, and on that basis, Defendant denies same at this time.

7. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint, and on that basis, Defendant denies same at this time.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

A. **The Debt**

8. Defendant admits that Plaintiff incurred a financial obligation (the "Debt") to Mesa Ridge Village (the "Creditor")   Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint, and on that basis, Defendant denies same at this time.

10. Defendant admits that the Creditor placed the Debt with Defendant for collection. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits that it attempted to collect on the Debt.   Defendant denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint on the grounds that they constitute a legal conclusion.

B. **Quantum Engages in Harassment and Abusive Tactics**

**FACTS**

12. Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant admits receiving a letter from Plaintiff disputing the Debt. Except as specifically admitted herein, Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

C. **Plaintiff Suffered Actual Damages**

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

**COUNT I**

**VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692 *et seq.***

18. Defendant incorporates by reference its responses to Paragraphs 1 through 17, above as if set forth herein.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to a judgment in his favor, and Defendant further denies that Plaintiff is entitled to recover the relief sought in subparts "1" through "4".

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State Cause of Action)**

1. Plaintiff's Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a valid cause of action against Defendant.

///

///

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Specificity of When Action Accrued)

2. As a separate, affirmative defense, Defendant alleges Plaintiff has not properly alleged the dates of accrual of his cause of action.

## THIRD AFFIRMATIVE DEFENSE

### (Compliance with Statute)

3. The conduct of Defendant at all times complied with all applicable statutes, regulations and laws; accordingly, the Complaint and each purported cause of action alleged therein against Defendant is barred.

## FOURTH AFFIRMATIVE DEFENSE

### (No Intentional or Reckless Conduct)

4. As a separate, affirmative defense, Defendant contends that it did not engage in any conduct that was outrageous, intentional and malicious or done with reckless disregard with respect to Plaintiff. Defendant also alleges that it never engaged in any knowing, willful or fraudulent conduct with respect to Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

5. Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

### (FDCPA damages are limited)

6. As a separate, affirmative defense, Defendant alleges that if Plaintiff was damaged in any sum or sums alleged, which Defendant denies, then Plaintiff's damages are limited by 15 U.S.C. § 1692k(a)(1), § 1692k(a)(2)(A), § 1692k(a)(3) and 15 U.S.C. § 1692k(b)(1).

///

///

///

### SEVENTH AFFIRMATIVE DEFENSE

### (Actions Were Proper)

7. As a separate, affirmative defense, Defendant alleges that the alleged actions of Defendant were proper and did not violate any provisions of 15 U.S.C. § 1692 *et. seq.* or Civil Code §§ 1788, *et seq.*

### EIGHTH AFFIRMATIVE DEFENSE

### (Bona Fide Error)

8. As a separate, affirmative defense, assuming *arguendo* that this Defendant violated a statute alleged in the Complaint, which presupposition the Defendant denies, such violation was not intentional and resulted from a bona fide error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### NINTH AFFIRMATIVE DEFENSE

### (Maintained Reasonable FDCPA Procedures)

9. As a separate, affirmative defense, Defendant alleges that at all times alleged in the Complaint, Defendant maintained reasonable procedures created to prevent any type of intentional or negligent violations of the Fair Debt Collection Practices Act ("FDCPA").

### TENTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

10. Defendant reserves the right to amend its Answer and claims herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third party claims, as additional investigation, discovery or circumstances warrant.

### DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

///
///
///
///

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Defendant NEVADA CREDICO, INC. dba QUANTUM COLLECTIONS, demands a jury trial in this case.

DATED: September 21, 2012

COOPER LEVENSON APRIL NEIDELMAN & WAGENHEIM, P.A.

By: /s/ Gregory A. Kraemer
Jerry S. Busby
Nevada Bar No: 001107
Gregory A. Kraemer
Nevada Bar No. 010911
6060 Elton Avenue, Suite A
Las Vegas, NV 89107
Attorneys for Defendant,
NEVADA CREDICO, INC. dba QUANTUM COLLECTIONS

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of COOPER LEVENSON APRIL NIEDELMAN & WAGENHEIM, P.A. and that on this 21st day of September 2012, I did cause a true copy of the foregoing **ANSWER TO COMPLAINT** to be served via CM/ECF electronic filing upon the following person(s):

Stephanie C. Herdman, Esq.
2801 High View Drive
Henderson, NV 89014
Phone: (855) 301-2100, Ext. 5531
Fax: (888) 953-6237
sherdman@lemberglaw.com

**Of Counsel to**
Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT  06905
Phone: (203) 653-2250
Fax: (203) 653-3423

Attorneys for Plaintiff,
Thomas Wolff

Dated:  September 21st, 2012          /s/ Gregory A. Kraemer
                                       Gregory A. Kraemer